NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WILLIAM EDENILSON CERNA, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-1240 <br><br> Agency No. A205-315-511 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 23, 2026**

Before: GOULD, FRIEDLAND, and MENDOZA, JR., Circuit Judges.

William Edenilson Cerna petitions for review of the decision by the Board

of Immigration Appeals (BIA) affirming the denial by the Immigration Judge (IJ)

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of Petitioner's applications for asylum and withholding of removal.[1]   We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review denials of asylum and withholding of removal for substantial evidence. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018).  Under the substantial evidence standard, "'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020)).

1.  Substantial evidence supports the agency's denial of Petitioner's application for asylum.  It is undisputed that Petitioner failed to meet the one-year statutory deadline to file his application for asylum.   But "the Government may still consider a late application if the applicant establishes (1) changed circumstances that materially affect the applicant's eligibility for asylum or (2) extraordinary circumstances directly related to the delay in filing an application." *Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011).

Petitioner argues that the agency failed to consider the extraordinary circumstances that prevented him from filing a timely application for asylum, namely the "the extraordinary circumstances surrounding the murder of his mother,

---

[1] Petitioner originally also sought relief under the Convention Against Torture (CAT), but he forfeited that basis for relief by not raising it in his brief to the BIA or in his brief to our court.

which prevented the petitioner from timely filing his application for relief." But the BIA held that Petitioner failed to challenge the IJ's decision with respect to the one-year bar in his appeal to the BIA, so any new argument or evidence was waived. Petitioner points to no errors in the BIA's reasoning. Because this issue is unexhausted, we do not consider it. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

2. Substantial evidence supports the agency's denial of withholding of removal. Petitioner argues that the agency erred in determining that his particular social group was not cognizable. To be eligible for withholding of removal, Petitioner was required to establish that "his 'life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (alteration in original) (quoting 8 U.S.C. § 1231(b)(3)(A)). A "particular social group" is "a group that is '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

The IJ determined that Petitioner's proposed social groups were not particular enough or socially distinct. Before the BIA, Petitioner did not challenge

the IJ's rejection of the social groups he had originally proposed and instead proposed a new particular social group, internally displaced persons. The BIA declined to consider that group because it had not been raised before the IJ, essentially treating the issue as forfeited. Petitioner points to no error in the BIA's reasoning, instead criticizing the IJ's reasoning in rejecting the original proposed social groups. The Government correctly contends that the argument Petitioner now makes was unexhausted before the BIA. We accordingly deny the petition as to this issue. *Umana-Escobar*, 69 F.4th at 550.

3. Petitioner also argues that the agency erred in determining that he did not suffer past persecution and had no well-founded fear of future persecution. We need not reach this argument, however, because to be eligible for withholding of removal, Petitioner was required to establish a nexus between the persecution suffered and a protected ground. *Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015). Petitioner failed to establish his membership in a particular social group, so we need not consider his arguments about past or future persecution.

Petition **DENIED.**